```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

<u>Jennifer Dickert, d/b/a</u>
<u>Altered Context</u>

    v.                                Civil No. 14-cv-316-JL
                                        Opinion No. 2015 DNH 118
<u>North Coast Family Health, Inc.,</u>
<u>et al.</u>

## **MEMORANDUM ORDER**

    This case involves the pleading requirements in an action for copyright infringement brought against a naturopathic healing clinic by a former employee. Plaintiff Jennifer Dickert sued North Coast Family Health, Inc. and its president, Dr. Leon M. Hecht, III, (collectively "North Coast") alleging that North Coast continued to use copyrighted materials belonging to Dickert on North Coast's website, Facebook page, and other marketing materials after Dickert revoked permission to do so. This court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

    The defendants move to dismiss Dickert's complaint for failure to state a claim, <u>see</u> Fed. R. Civ. P. 12(b)(6), and lack of subject-matter jurisdiction, <u>see</u> Fed. R. Civ. P. 12(b)(1). After holding oral argument, the court grants the motion in part and denies it in part. As explained fully <u>infra</u>, Dickert's complaint makes out a claim that she may be able to recover her

actual damages for defendants' alleged infringement of her copyright in North Coast's website.

## I. **Applicable Legal Standard**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must allege facts in his or her complaint sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 664. "Plausibility does not demand a showing that a claim is likely to succeed," but does require "a showing of more than a sheer possibility of success." Butler v. Balolia, 736 F.3d 609, 616 (1st Cir. 2013) (quotation marks omitted). The defendant bears the burden of demonstrating that the complaint fails to state a claim for which relief can be granted. See, e.g., Doe v. Friendfinder Network, Inc., 540 F. Supp. 2d 288, 293 (D.N.H. 2008) (Laplante, J.).

The court accepts the well-pleaded facts of the complaint as true and draws all reasonable inferences in the plaintiff's favor, S.E.C. v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010) (en banc), but disregards "statements in the complaint that merely

offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action," Ocasio-Hernandez v. Fortuno-Benet, 640 F.3d 1, 12 (1st Cir. 2011) (quotation marks, bracketing, and ellipse omitted). In doing so, the court takes account of facts set forth in, or incorporated into, the complaint. Absent certain narrow exceptions, such as for documents of undisputed authenticity, documents central to the plaintiff's claim, and documents sufficiently referenced in the complaint, "consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56," which is not the case here. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Similarly, when considering a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court "accept[s] as true all material allegations of the complaint, and construe[s] the complaint in favor of the complaining party." Peterson v. United States, 774 F. Supp. 2d 418, 421 (D.N.H. 2011) (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)). The burden, however, "lies with the plaintiff, as the party invoking the court's jurisdiction, to establish that it extends to his claims." Id. (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

## II. **Background**

The relevant facts, drawn from the complaint[1] and construed in the light most favorable to Dickert, are as follows. Dickert worked at North Coast until sometime in late 2011 or early 2012 as a dietician and administrative employee. While thus employed, Dickert also designed and maintained a website, Facebook page, and other promotional materials for the practice--materials in which she alleges that she retains the copyright. She understood that she performed that work as an independent contractor, and that she would receive a percentage of defendants' revenues in consideration for licensing the defendants to use that material. With this understanding, Dickert gave defendants permission to use this material while she was employed by, and thus receiving payments from, the defendants.[2]

---

[1] Defendants ask the court to draw certain inferences based on a letter from Dickert to North Coast attached as an exhibit to defendants' motion to dismiss (document no. 8), on the grounds that plaintiff does not dispute the authenticity of that document. See Watterson, 987 F.2d at 3. But to do so would have the practical effect of turning defendants' motion to dismiss into a motion for summary judgment on one of its affirmative defenses, which the court declines to do at this stage in the litigation.

[2] At oral argument, Dickert explained that she expected to receive a percentage of North Coast's profits if the website brought additional clients into the office and thus increased those profits. See Complaint (document no. 1) at ¶ 4. She confirmed that she did not receive any payment from North Coast for her work in connection with the website separate from her normal wages.

After Dickert parted ways with North Coast, she expected North Coast to continue compensating her for the right to use the website and promotional materials. When it became clear that North Coast would not pay her for the right to continue to use these materials, Dickert withdrew her permission. Defendants then continued to use and make copies of Dickert's material on their website, Facebook page, and promotional materials without Dickert's consent.

In September 2012, Dickert issued a takedown notice under Section 512(c)(3) of the Digital Millennium Copyright Act of 1998 (DMCA)[3] to One World Hosting, the internet service provider that hosts North Coast's website. North Coast responded with a statement from Dr. Hecht, explaining that the work Dickert performed on the website and any other promotional materials she created for North Coast were done within the scope of her

---

[3] A "takedown notice" is notification from a copyright holder to a service provider--such as, in this case, a website hosting company--informing the service provider that content posted by a user allegedly infringes the holder's copyright, and requesting that it be removed from the service provider's system. Under the DMCA, a service provider who, "upon notification of claimed infringement . . . responds expeditiously to remove, or disable access to, the material that is claimed to be infringing or to be the subject of infringing activity" may not be held liable "for infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider . . . ."  17 U.S.C. § 512(c)(1)(C).

employment at North Coast, and thus constituted a work for hire[4] for which Dickert was fully compensated through her wages.

On January 14, 2013, Dickert registered North Coast's website with the Copyright Office.  Dickert subsequently filed the present suit against North Coast and Dr. Hecht, seeking statutory and actual damages for defendants' alleged acts of copyright infringement, as well as temporary and permanent injunctive relief against future infringement.

## III. <u>Analysis</u>

North Coast argues that Dickert has not stated a claim upon which relief can be granted as to the materials other than the website (the "non-website works") because she failed to register them with the Copyright Office, and that she has not stated a claim upon which relief can be granted as to North Coast's website because she has not pled facts sufficient to establish

---

[4] "Under the Copyright Act, a work comes within the work for hire doctrine if it consists of either (i) a work prepared by an employee within the scope of her employment, or (ii) one prepared by an independent contractor on special order or commission." Warren Freedenfeld Associates, Inc. v. McTigue, 531 F.3d 38, 48 (1st Cir. 2008) (citing 17 U.S.C. § 101).  In such a case, "the employer or other person for whom the work was prepared is considered the author for purposes of [the Copyright Act], and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright."  17 U.S.C. § 201.

6

that she may be entitled to relief. The court agrees with defendants' first point, but disagrees with the second.

    **A.    Copyright Registration**

Except under limited circumstances not applicable here, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with" the Copyright Act. 17 U.S.C. § 411(a). Because Dickert registered only the website with the Copyright Office, defendants argue, only the website satisfies the requirement of § 411(a), and Dickert's claim that defendants infringed her copyright in the non-website works should therefore be dismissed.

 Defendants rely on Torres-Negron v. J&N Records, LLC, in which the Court of Appeals for the First Circuit held that valid registration of a copyrighted work was a jurisdictional prerequisite to an infringement suit. 504 F.3d 151, 162 (1st Cir. 2007). Attempting to refute this argument, plaintiff takes a swing at distinguishing Torres-Negron on the facts, but misses the ball. It is true that the Supreme Court has cast doubt on this holding, explaining that registration with the Copyright Office is not a jurisdictional condition, in the sense that failure to register material does not strip this court of subject-matter jurisdiction. Reed Elsevier, Inc. v. Muchnik, 130

7

S. Ct. 1237, 1247-48 (2010). Rather, the Court explained, it is a nonjurisdictional claim-processing rule. Id.; see also id. at 1243-44 (delineating "jurisdictional conditions" and "claim-processing rules"). But that is exactly how the defendants employ it here. While the underlying facts of Torres-Negron may --as plaintiff explains--differ in some respects from the case at hand, the ultimate effect is the same: because Dickert has not registered the non-website works with the Copyright Office, Dickert has failed to state a claim upon which this court can grant relief as to defendants' alleged infringement of those materials.

To the extent the non-website works contain pictures, language, or other such elements that were also part of the website, those elements may be works that were registered with the Copyright Office under 17 U.S.C. § 411(a). See U.S. Copyright Office, Circular 66: "Copyright Registration for Online Works," May 2009 (the registration of a website extends "to the copyrightable content of the work as received in the Copyright Office and identified as the subject of the claim." (emphasis in original)). Thus, insofar as Dickert can prove that elements included in the non-website works were also included in her registration of the website with the Copyright Office,

Dickert may be able to obtain relief for the reasons discussed below.

**B. The Website**

Defendants argue that Dickert has failed to state a claim upon which relief can be granted with respect to defendants' alleged infringement of the website because none of the remedies that Dickert requests are available to her. The court disagrees.

1. <u>Damages</u>

A copyright owner whose copyright has been infringed may recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Or, a prevailing plaintiff may elect to recover statutory damages "in the sum of not less than $750 or more than $30,000 as the court considers just." Id. § 504(c). However, a plaintiff may not recover statutory damages if the alleged infringement commenced after the work's publication but before its registration, unless it is registered within three months of its initial publication. Id. § 412(2).

In her complaint, Dickert requests either her actual damages and defendants' profits or, in the alternative, statutory damages. Defendants argue that Dickert has not pled facts

sufficient to state a claim that she is entitled to any damages. The court agrees with defendants as to Dickert's claim for statutory damages, but disagrees as to her claim for actual damages.

a. Actual Damages

Though Dickert's complaint is thin, the court finds that she has pled facts sufficient to support a claim for actual damages--if just barely. Plaintiff alleges (i) that she owns the copyright in the material on the North Coast website and that she granted North Coast permission to use the website during her employment at North Coast; (ii) that defendants agreed to remunerate her at least in the form of "a percentage of revenues of Defendants" as consideration for use of her copyrighted materials; and (iii) that North Coast failed to pay her for the right to use the website after her employment ended, but continued to use it without her consent. Dickert then requested that the court award her "all of her direct and consequential damages arising from Defendants' infringement of her copyright." Complaint (document no. 1) at ¶ D. It is not unreasonable to infer that some of North Coast's revenues may arise through its website and that, per the parties' alleged agreement, Dickert may be entitled to some of those revenues. Thus, Dickert has--if only just--alleged that she was damaged by defendants' unlicensed

use of the website to the extent that she reasonably expected defendants to pay her for the right to use the website after she left their employ, and thus has made out a claim for actual damages. See 17 U.S.C. § 504(b).

At oral argument, defendants contended that § 504(b) treats actual damages and the infringer's profits as "discrete elements," and that a plaintiff must plead facts connecting defendant's profits to the infringement to circumvent a 12(b)(6) motion. Defendants offered two cases in support of this argument. Neither is apposite here. Polar Bear Prods. v. Timex Corp. implicates the proof of a connection between an infringer's profits and its infringement required at trial to establish a right to those profits, not the standard for a sufficient pleading. 384 F.3d 700, 715 (9th Cir. 2004). And In re AMR Corp. stands only for the general proposition that a plaintiff's damages allegations must satisfy the Iqbal and Twombly standard. 506 B.R. 368, 385 (Bankr. S.D.N.Y. 2014). The court is therefore not persuaded that the plaintiff must set forth her damages arguments with the particularity defendants request at this stage in the proceeding.

b.  Statutory Damages

While actual damages may be available to Dickert, she has not pled facts sufficient to state a claim for statutory damages.

11

The parties agree that Dickert did not register the website with the Copyright Office until January 14, 2013. But Dickert alleges that she revoked permission for North Coast to use the website after the close of "the relationship in which Plaintiff was an independent contractor as well as an employee of Defendants," which relationship concluded in "late 2011 or early 2012." Complaint (Document no. 1) at ¶¶ 5, 10. Thus, Dickert failed to register the website until well after the alleged infringement began, and cannot recover statutory damages. See 17 U.S.C. § 412(1).

Attempting to save this claim, Dickert backpedals and argues that "[i]t is not known at this time precisely when the infringement commenced" and that "[i]t is plausible . . . that infringement commenced after the January 14, 2013 registration of the work." Objection to Defendant's Motion to Dismiss (Document no. 9) at ¶¶ 12, 14. But Dickert cannot consistently allege that the infringement commenced after January 14, 2013, because Dickert also alleged that she issued a takedown notice under the DMCA--which necessarily requires the plaintiff to claim that defendants' use of the website infringed her copyright therein--in September 2012.[5] See Complaint (document no. 1) at ¶ 4. Even

---

[5]At oral argument, counsel for plaintiff raised the possibility that Dickert granted North Coast a limited license to use the website for some indeterminate period after Dickert

12

taking the facts in Dickert's complaint as true and resolving all inferences in her favor, the court finds that Dickert cannot save her complaint by arguing that the alleged infringement may have begun after the website's registration with the Copyright Office.

### 2. Injunctive Relief

In addition to her claim for actual damages, Dickert has also stated a claim for injunctive relief. Defendants argue that, because they have stopped using the website that Dickert designed, her request for injunctive relief is moot and this court therefore lacks subject-matter jurisdiction over the dispute. But that is not the law. While defendants are correct that a case is moot when there is no longer a live controversy, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982). Abandonment of the practice may be "an important factor bearing on the question whether a court should exercise its power to enjoin the defendant from renewing the practice, but it is a matter relating to the

---

requested payment. But the complaint contains no such allegation. And it is clear from the DMCA takedown notice issued by Dickert--which is sufficiently referenced in the complaint for the court to consider it in connection with this motion, see Watterson, 987 F.2d at 3-4--that she had revoked her permission at least as of the date of that notice.

exercise rather than the existence of judicial power." Id.  This is so because a defendant who has voluntarily ceased an infringing activity may yet resume that activity.  Id. at 289 n.10.  Therefore, the parties asserting mootness--in this case, defendants--bear "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000).  Defendants have not met that burden.

Defendants argue, in a single paragraph, that Dickert's request for injunctive relief is moot because defendants claim that they have replaced the website to which Dickert contributed with a new website.  Yet defendants have not shown that they cannot, nor have they even alleged that they will not, reemploy the allegedly infringing website, nor any material from the allegedly infringing website.  To the contrary, Dickert alleges that defendants' proposed new website contains--and thus defendants may continue to infringe--at least some portions of her copyrighted material.  Thus, Dickert carries her burden and has made out a claim for injunctive relief.

**IV. Conclusion**

For the reasons set forth above, defendants' motion to dismiss[6] is GRANTED as to plaintiff's request for statutory damages, and otherwise DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 10, 2015

cc: David J. Greene, Esq.
    Lawrence M. Edelman, Esq.

---

[6]Document no. 8.